UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAMARCUUS BUCKNER                                                                                           PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:24-CV-338-DPJ-ASH

UNITED AIRLINES                                                                                           DEFENDANT

REPORT AND RECOMMENDATION

This case is before the Court sua sponte for pro se plaintiff LaMarcuus Buckner's failure to comply with the Court's Order or to pay the required fees to the Clerk of Court. Order [4]. For the reasons explained below, the undersigned recommends that Buckner's Motion for Leave to Proceed in Forma Pauperis [2] be denied and that this cause be dismissed without prejudice.

I.  BACKGROUND

Buckner did not pay the Court's filing fees. Instead, on June 10, 2024, he filed a motion [2] seeking permission to proceed in forma pauperis. The Court, desiring more information from Buckner, directed him on June 26, 2024, to supplement his motion on or before July 12, 2024. Order [3]. That Order specified in detail the additional information the Court required from Buckner to evaluate his motion to proceed in forma pauperis. The Court mailed a copy of the Order to Buckner's last known address. Buckner neither filed a supplement nor sought additional time to do so, thereby failing to comply with the Court's Order. *Id*.

On July 26, 2024, the undersigned entered an Order [4] further directing Buckner to respond or pay the required $350.00 filing fee plus the $55.00 administrative fee to the Clerk of Court by August 9, 2024. Order [4]. The Court warned Buckner that failure to comply "***will result*** in denial of his motion to proceed IFP and ***will result*** in this cause being dismissed without

prejudice and ***without*** further notice to Buckner." *Id.* The Court mailed that Order to Buckner's last known address. Buckner has not complied with the Court's order.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to comply with its orders under Federal Rule of Civil Procedure 41(b), and pursuant to its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.,* 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629–30.

Buckner's last action in this case was when he filed his Motion for Leave to Proceed in Forma Pauperis [2] on June 10, 2024. Buckner has not contacted the Court to inquire about this case nor has he paid the required fees. The Court notified—and warned—Buckner on two occasions that his failure to comply with a court order or pay the required fees would result in the dismissal of this case. *See* Orders [3] and [4].

As the record demonstrates, Buckner has been warned that his failure to comply with the Court's orders or his failure to pay the required fees would result in the dismissal of this case. The Court's repeated warnings establish that lesser sanctions than dismissal have failed to prompt "diligent prosecution" by Buckner, and instead have "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th

Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. It is apparent that Buckner no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Buckner's Motion for Leave to Proceed in Forma Pauperis [2] be denied and this civil action be dismissed, without prejudice, for Buckner's failure to comply with the Court's prior orders requiring him to respond or pay the required administrative and filing fees to the Clerk of Court.

### IV. NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[1] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P.

Respectfully submitted, this the 23rd day of August, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).